**STRICKLER v SMITH et**

Ohio Appeals, 2nd Dist, Franklin Co

No. 1898. Decided Oct 17, 1930

C. M. Addison and O. H. Mosier, Columbus, for plaintiff.

Allen Pretzman, Vorys, Sater, Seymour & Pease, Columbus, and Joseph Platt, for defendant.

ALLREAD, J.

This is a well argued case on both sides. Every plausible contention has been made by the respective counsel, and the citation of authorities in support of the respective claims has been complete.

The case is now for decision by the court.

The facts may be readily found by the court, but the law of the case is most difficult to determine.

The facts are:

Myron A. Smith and the Gage Realty Company by Smith, its president, made a proposition for the exchange of real estate at the corner of High and Poplar Streets and a leasehold estate on property located at 231 North Fourth Street subject to a mortgage of $7,000.00; for the leasehold estate of 277 E. Long Street subject to a mortgage of $14,500.00 payable at $150.00 per month until paid. The Gage Realty Company was an incorporation made by and in the interest of Smith, with Smith as the principal stockholder.

There were no unusual conditions in this proposition. It was stipulated that the leasehold estates were to be taken subject to the mortgages thereon.

This proposition was dated March 4th, 1927, and subject to acceptance on or before March 7th following.

On March 5th, 1927, Strickler, the plaintiff, accepted the proposition subject to the following proviso:

"Provided, the High and Poplar Street be assigned to party I am to name, and that purchaser of 277 East Long Street assumes $15,000.00 instead of $14,500.00, as above stated, and purchaser of 277 East Long Street be permitted to carry and place said assignment in a company to be organized."

This amended proposition of Strickler was accepted by Smith as follows:

"I accept this proposition subject to the above changes * * *.
Myron A. Smith,
March 8, 1927."

The Ozark Realty Company was incorporated by Smith, on March 17, 1927, and on March 19, 1927, Strickler made a proposition in writing to the Ozark Realty Com-

pany offering to convey the East Long Street leasehold estate in conformity to the terms of the aforesaid agreement.

The exchange agreed upon was on March 21, 1927, completed. Myron A. Smith assigned the leasehold estate in the North Fourth Street property to Strickler. Strickler assigned his leasehold estate in the East Long Street property to the Ozark Realty Company by written assignment signed by Strickler, and by the Ozark Realty Company by Smith, as its president.

This instrument provided for the assumption by the Ozark Realty Company of the $15,000.00 mortgage on the leasehold of the East Long Street property.

The Gage Realty Company never made an assignment to Strickler, but all the stockholders of the Gage Realty Company transferred their stock to Strickler, so that Strickler is now the owner of practically all the stock of the Gage Realty Company.

The assignment of the stock of the Gage Realty Company to Strickler was considered by Strickler and was in fact a substantial compliance with the contract of exchange and the Gage Realty Company became and was the subsidiary corporation of Strickler. Therefore we come to the consideration of the question as to the liability of Smith under the contract.

It is contended on behalf of Strickler that the original proposition by Smith that the transfer of the East Long Street property was to be accepted "subject to the mortgage of $14,500" creates an obligation to assume the mortgage to that extent. This contention is based upon the case of Thompson, Administrator v Thompson, 4 Oh St 333.

We are of opinion that this case does not apply. In this case the proposition was for the exchange of equities. It does not expressly or by implication involve an agreement for the abatement of the amount secured by the mortgage from the purchase price.

Strickler in the counter proposition expressly refers to the holding company and makes it part of the contract. The proposition reads "that the purchaser of 277 East Long Street assumes $15,000.00 instead of $14,500, as above stated, and purchaser of 277 East Long Street be permitted to carry and place said assignment in a company to be organized."

The words "as above stated" may be employed to reconcile the counter proposition with the original or it may be taken in a strict sense to identify the portion of the counter proposition as to the amount to be

assumed. We are satisfied that without pursuing this question the other questions are decisive.

The counter proposition binds the purchaser for the sum of $15,000.00 upon the mortgage. The only uncertainty is the meaning of the word "purchaser."

The word "purchaser" as used in this proposition must be construed to mean either Smith, one of the signers of the contract, or the company in which he was to carry and place the assignment. The company was thereafter incorporated and we think sufficiently organized. The question as to the right to organize a company, to carry and place the title, might be different in a case where someone other than a party who aided to procure the incorporation was involved.

All the Ohio cases which we have been able to find and examine were cases in which a member of the public or some person other than one of the procurers of the incorporation and a party to the transaction, was involved.

In the case of **State ex v Standard Oil Company, 49 Oh St 137**, the injured party was the public. The case of **Brundage v Rice, 49 Oh St 640**, the public was interested. The relief sought in the case of **Bank v Trebien, 59 Oh St, 316** was by the creditors other than those provided for in the transfer. The case of **Cemetery Association v Traction, 93 Oh St, 161** was one wherein the so-called dummy corporation seeking to appropriate, did not own the railroad for which the appropriation was sought. The company seeking to appropriate, did not comply with the constitution and statute entitling it to condemn.

None of these cases are applicable here. The case of **Reid v Sycke, 27 Oh St 285**, might have some application to the situation under the original contract but has no application where Strickler made a supplemental contract to convey to the corporation after its formation and did convey the property to the corporation in conformity to the terms of the original contract. The only change made by the supplemental contract was to fix the identity of the purchaser.

After the company provided for in the contract was incorporated and was at least formally organized, Strickler entered into a supplemental contract whereby he agreed to convey the legal title to the company. Strickler, it must be remembered, was the first to introduce into the contract, the subject of a corporation to hold the title. No fraud to the prejudice of Strickler is

charged.

Strickler must have known that the purpose of the clause was to shift the liability for the mortgage to an incorporated company. Strickler must also have known that he was liable upon the original mortgage and that he was conveying the property to an incorporated company for the purpose of avoiding the liability of Smith upon said mortgage.

There is no claim of fraud to the prejudice of Strickler. He entered into this contract with his eyes open and with a full knowledge of the result of the transfer of the property to the incorporated company. We are therefore of opinion that Strickler is not authorized to set aside the conveyance to the company so incorporated, or to hold Smith upon the theory that Smith had agreed to assume the mortgage or that the company was a mere dummy corporation, created in the interest of Smith.

The rents of the East Long Street property were received by and on behalf of the Ozark Realty Company and are controlled by the principal.

We reach the conclusion that the plaintiff is not entitled to the relief he seeks.

KUNKLE, PJ, and HORNBECK, J, concur.